UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL DIXON LEWIS,<br><br>   Plaintiff,<br><br>v.<br><br>RENE BAKER et al.,<br><br>   Defendants. | Case No. 3:18-cv-00402-RCJ-CBC<br><br>ORDER |



I. **DISCUSSION**

On June 12, 2019, this Court entered a screening order permitting the Fourteenth Amendment due process property deprivation claim and the denial of access to the courts claim to proceed against Defendants Runnels and Moss. (ECF No. 11 at 7). The Court stayed the case for 90 days to give Plaintiff and Defendants Runnels and Moss an opportunity to settle their dispute before the filing fee was paid, an answer was filed, or the discovery process began. (*Id.*) The Court directed the Attorney General's Office to notify the Court whether it would enter a limited notice of appearance on behalf of Defendants Runnels and Moss for the purpose of settlement. (*Id.* at 9).

On July 3, 2019, the Attorney General's Office informed the Court that it could not make a limited appearance for the purpose of settlement because Defendants Runnels and Moss, the only remaining defendants in this action, "are not Nevada Department of Corrections (NDOC) or State of Nevada employees." (ECF No. 13 at 1). The Attorney General's Office explained that it could not represent any remaining parties in this case. (*Id.*)

Based on this notice, it is unclear to the Court whether Runnels and Moss are <u>former</u> NDOC employees who no longer are employed by the State of Nevada or whether there were never any former employees by those names. To the extent that Runnels and Moss are former NDOC employees, the Court now orders the Attorney General's Office to send letters to Defendants Runnels and Moss at their last known addresses informing

1

them that they are defendants in this lawsuit. In that letter, the Attorney General's Office will ask Defendants Runnels and Moss if they would like the Office to represent them in this matter. Within 30 days from the date of this order, the Attorney General's Office will file an updated notice with the Court informing the Court whether it will be entering a limited notice of appearance on behalf of Defendants Runnels and Moss for the purpose of settlement in light of that letter.

If the Attorney General's Office enters a limited notice of appearance on behalf of Defendants Runnels or Moss for the purpose of settlement, the Court will schedule an early inmate mediation conference. However, if the Attorney General's Office notifies the Court that it will not be entering a limited notice of appearance in light of its communication with Defendants Runnels and Moss, the Court will issue an order that: (1) removes this case from the early inmate mediation program, (2) rules on the application to proceed *in forma pauperis*, and (3) begins the service process with the U.S. Marshal's Office.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Attorney General's Office will send a letter to both Defendants Runnels and Moss at their last known addresses informing them of this lawsuit and asking whether they seek to have the Office represent them for the limited purpose of settlement.

IT IS FURTHER ORDERED that, within 30 days from the date of this order, the Attorney General's Office will file an updated notice with the Court informing the Court about Defendants Runnels and Moss's representation status.

IT IS FURTHER ORDERED that, within 30 days from the date of this order, the Attorney General's Office will advise the Court whether it will enter a limited notice of appearance on behalf of Defendants Runnels and Moss for the purpose of settlement. No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

///

///

IT IS FURTHER ORDERED that, if this case remains in the early inmate mediation program, the Court extends the 90-day stay and the deadline for the 90-day stay status report until 2 days after any scheduled mediation.

DATED THIS 8th day of July 2019.

_____
United States Magistrate Judge